UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | | | |
|---|---|---|---|
| **CASE NO.:** | 18-CV-1910 SJO (MAAx) | **DATE:** | June 25, 2019 |
| **TITLE:** | Tim Davis v. D Schneider et al | | |

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR AN FBI INVESTIGATION** [Docket No. 67.]

This matter is before the Court on The Court on Plaintiff Tim Davis's ("Plaintiff") Motion to Request an FBI Investigation, filed on June 11, 2019 ("Motion"). Defendants C.O. Avalos and C.O. Junes (collectively "Defendants") opposed Plaintiff's Motion on June 18, 2019 ("Opposition"). The Court found the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2018, Plaintiff, a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), sent a letter to the Clerk of the U.S. District Court for the Northern District of California about prison conditions. (*See* ECF. No. 1.) The Clerk directed Plaintiff to file a complaint using the district-approved form. (*See* ECF No. 2.) Plaintiff did so, constructively filing a Complaint under 42 U.S.C. § 1983 on February 8, 2018 ("Complaint"). (*See* ECF. No. 6.) Plaintiff's Complaint alleges that Defendants Debbie Asuncion, M. Schneider, J. Asadorian, E. K.O., and Does 1-10[1] violated his rights under the Civil Rights Act, 42 U.S.C. § 1983. (Compl. 1, ECF No. 6.) Specifically, Plaintiff alleges that Defendants retaliated against him, assaulted and battered him, and harassed him, causing him mental and emotional distress. (*Id.*) Plaintiff seeks punitive and compensatory damages. (*Id.*)

---

[1] Plaintiff names and titles Defendants in his Complaint as follows: Debbie Asuncion is the warden of California State Prison, M. Schneider is a correctional officer ("C.O."), J. Asadoorian is a C.O., D. Avalos is a C.O., A. Junes is a C.O., J. Curiel is an Appeals Coordinator at California State Prison, and M. Fordham is also an Appeals Coordinator at California State Prison. (Compl. 2.) Does 1 through 10 are unidentified. (*Id.*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: 18-CV-1910 SJO (MAAx)    DATE: June 25, 2019

Because the Complaint asserted claims against correctional staff at a prison located in this District—California State Prison in Lancaster, CA—the case was transferred to the Central District of California. (ECF. No. 8.) On March 7, 2018, Plaintiff's case was assigned to Judge Ronald S.W. Lew and referred to Magistrate Judge Karen E. Scott. (See ECF No. 10.) Subsequently on March 12, 2018, the case was returned for random reassignment and sent to this Court for all further proceedings. (*See* ECF No. 11.)

On March 15, 2018, Magistrate Judge Karen E. Scott ("M.J.") dismissed a portion of Plaintiff's Complaint with leave to amend in order to correct deficiencies identified in her order. (*See* ECF No. 13.) On April 23, 2018, Plaintiff dismissed the case as to Defendants J. Asadorian, Debbie Asuncion, J. Curiel, M. Fordham, E. Ko, and M. Schneider. (*See* ECF No. 14.) On May 21, 2018, Plaintiff moved to be appointed counsel which the M.J. denied on Mat 25, 2018. (*See* ECF Nos. 19, 20.) On May 29, 2018, Plaintiff filed a motion to compel discovery of all exculpatory evidence in his case which the M.J. denied on July 13, 2018. (*See* ECF Nos. 21, 23.) On September 11, 2018, Defendants C.O. Junes and C.O. Avalos moved for summary judgment which the Court denied on November 27, 2018. (*See* ECF Nos. 36, 54.) On October 1, 2019, Plaintiff filed another motion to compel which this Court granted in part and denied in part on November 27, 2018. (*See* ECF Nos. 41, 54.) On October 23, 2018, Plaintiff dismissed the case as to Defendants Bernal, Correa, M. Diaz, K. Estrada, Hates, A. Houston, Millegas, Olmeda, D. Schneider, and Young. (*See* ECF No. 47.) The sole remaining Defendants are C.O. Junes and C.O. Avalos.

On June 4, 2019, Plaintiff moved to enjoin Defendants[2], their successors in office, agents, employees, and all other persons acting in concert and participation with them from conspiring and colluding to kill him, putting chemicals in his Jewish kosher meals, putting razor blades in his Jewish kosher diet meals, engaging in undue familiarity with inmates so they can attack him, and anything that put Plaintiff's personal safety in danger and violated his constitutional rights (the "Injunction Motion"). (Mot. 2, ECF No. 61.) Plaintiff also sought to be awarded a single cell for his personal safety. (*Id.*) On June 12, 2019, the Court denied Plaintiff's Injunction Motion. (*See* ECF No. 68.)

    A.    <u>Instant Motion</u>

Plaintiff moves to request an FBI investigation because he claims that "kitchen and correctional staff" are opening and tampering with his kosher diet meals. (Mot. 2-3, ECF No. 67.) Plaintiff also claims that an Officer DeLa Torre sexually assaulted him on June 9, 2019. (*Id.* at 3.) Plaintiff

---

[2] The Court uses the term "Defendants" to reference the remaining Defendants, C.O. Avalos and C.O. Junes.

does not allege involvement by C.O.'s Avalos or Junes in his Motion, and the individuals he names are not parties to the action.  (Mot. 2-5; *see generally* Compl., ECF No. 6.)

II.     DISCUSSION

   A.    Legal Standard

"The standard for issuing a temporary restraining order[3] is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (applying standard to a request for a temporary restraining order); *see also Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (applying same standard for a preliminary injunction).  A plaintiff seeking a preliminary injunction must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374 (2008).  "Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction."  *Id.* at 375.

   B.    Analysis

Defendants argue that (1) the Court lacks jurisdiction to grant Plaintiff's request, and (2) Plaintiff has failed to exhaust administrative remedies which prevents the Court from considering the instant Motion.  (Opp'n. 3-7, ECF No. 70.)  The Court addresses Defendants' arguments in turn.

      1.    The Court Lacks Jurisdiction to Grant Plaintiff Relief

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Under Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order....' The district court must, therefore, tailor the injunction to affect only those persons over which it has power."  *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (citation omitted).

Here, Plaintiff seeks an order requiring the FBI to investigate his claims.  (Mot. 2-3.)  Defendant argues that the Court does not have jurisdiction over the FBI, a non-party entity, and that Plaintiff's allegations against other correctional staff members have nothing to do with Defendants.  (Opp'n.

---

[3]  The Court equates Plaintiff's Motion to a motion for preliminary injunctive relief because he seeks a court order requiring an investigation.

3-4.) Specifically, Defendants argue that C.O. Junes is no longer employed at Plaintiff's institution, and C.O. Avalos generally works in a different facility. (Opp'n. 4; C.O. Avalos Decl. ¶¶ 3, 6, ECF No. 64-1; C.O. Junes Decl. ¶¶ 2, 4, 7, ECF No. 64-2.) Defendants emphasize that there is no legal basis to grant the injunctive relief. *See Witkin v. Solis*, 2013 WL 1963324, at *2 (E.D. Cal. May 10, 2013) (dismissing injunctive-relief claims against unnamed individuals who were not defendants in the action). The Court agrees.

C.O. Avalos and C.O. Junes have no power to provide the relief that Plaintiff requests. Moreover, "Generalized injunctive relief against unnamed prison officials is not permissible under the PLRA because such relief is not '"narrowly drawn."' *Witkin*, 2013 WL 1963324, at *2 (citing 18 U.S.C. § 3626(a)(1)(A)). Accordingly, Plaintiff's request for injunctive relief from the FBI also fails.

Defendant also argues that the Court lacks jurisdiction because the injury Plaintiff complains of is unrelated to his Complaint. (Opp'n. 4.)

"A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injuction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Plaintiff's Complaint seeks punitive and compensatory damages for "assaults and batteries...harassment, retaliation, and negligence" he suffered at the hands of Defendants. (*See* Compl. 2-3.) Plaintiff alleges that on or around December 2017, Defendants failed to mail his CDCR 22 forms to the warden, searched his cell in retaliation, broke his television, and served him with retaliatory write ups. (*Id.* at 3.) Plaintiff alleges that on June 24, 2017, he was assaulted and battered by C.O.'s Avalos and Junes. (Compl. 2.) Plaintiff claims that Defendants' actions violated his rights under the Civil Rights Act, 42 U.S.C. § 1983. (*Id.* at 1.) Plaintiff exclusively seeks punitive and compensatory damages to remedy his harm. (*Id.* at 3.)

In contrast, Plaintiff's instant Motion was filed more than a year after his Complaint, and after all named Defendants except C.O. Junes and C.O. Avalos, were dismissed. (*See* Mot.) The instant Motion references harm that is entirely different from that in the Complaint. (*Id.*) Plaintiff requests that the Court order the FBI to conduct an investigation into whether the kitchen and correctional staff are conspiring and colluding to kill him. (Mot. 1.) Moreover, unlike his Complaint which seeks damages, Plaintiff's Motion seeks equitable relief. (*Id.*)

The Court finds that at best, the instant Motion is only tangentially related to the harm alleged in Plaintiff's Complaint. The timing, parties, facts, and relief sought in the Complaint and the instant Motion are entirely distinguishable from one another. As established, Plaintiff cannot obtain

injunctive relief based on claims wholly separate from those raised in this lawsuit.  *Kaimowitz*, 122 F.3d at 43 (citation omitted).  As such, the Court lacks jurisdiction to grant Plaintiff's Motion.

In sum, Plaintiff seeks relief that is not actionable, against unnamed parties, regarding harm unrelated to his original Complaint.  Thus, the Court is without jurisdiction to grant the requested relief.

### 2. Plaintiff Failed to Exhaust Administrative Remedies

The PLRA requires inmates to exhaust available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 532 U.S. 731 (2001).  To complete the administrative process, a prisoner must proceed through several levels of appeal: (1) a formal written appeal on a CDC 602 inmate appeal form; (2) a second level appeal to the institution head or designee; and (3) a third level appeal, which constitutes the decision of the CDCR Secretary. Cal. Code Regs. tit 15, §§ 3084.1(b) (all appeals are subject to a third level review), 3084.7(a)-(d) (listing levels of review).  A final decision at the third level generally satisfies the exhaustion requirement under § 1997e(a). Cal. Code Regs. tit 15, § 3084.7(d)(3).  A prisoner litigant must conclude this process prior to bringing suit.  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).

Here, Plaintiff's Motion indicates that a May 24, 2019 grievance was recently returned at the second level of review because the grievance involved multiple unrelated issues.  (ECF No. 67 at 10-12 (staff complaint response and related grievance).)  Defendants argue that the single rejection cited did not exhaust Plaintiff's administrative remedies.  (Opp'n. 6-7 (citing Cal. Code Regs. tit. 15, §§ 3084.1(b) (a rejection does not exhaust); 3084.2(a)(1) (each grievance is limited to one issue or related issues); 3084.6(b)(8) (allowing rejection of grievances with multiple issues)).  Defendants also argue that some attachments to Plaintiff's Motion relate to issues that this Court has already determined are unexhausted.  (*Id.* (referring to, among other things, claims of food tampering on May 20, 2019 and an attack by other inmates on May 13, 2019); *See* ECF No. 68 at 5 (addressing unexhausted claims).)

The Court finds that no new facts show that Plaintiff has completed the grievance process through the third level for any of the issues alleged.  (See generally Mot.)  Thus, Plaintiff has not met the exhaustion requirement established by the PLRA, and the Court lacks jurisdiction to address his Motion.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **CASE NO.:** 18-CV-1910 SJO (MAAx) | | **DATE:** | June 25, 2019 |

III. <u>RULING</u>

Plaintiff's Motion is **DENIED.**

IT IS SO ORDERED.